John F. Darby, Appellant, v. Francis Cabanné and Unit Raisin, Respondents.

### February 14, 1876.

1. A demurrer under the 6th subdivision of section 6, Article 5, of the Practice Act is sufficient, if the ground of demurrer is stated in the very language of the act.

2. A man of weak intellect from habitual drunkenness, and incapable of managing his own affairs, may make a contract for necessaries, including such things as are useful and proper for his station. He may make a contract with an attorney to have a guardian appointed for his protection, under the statute; and the attorney can recover a reasonable fee from the estate of the drunkard for the value of services rendered in procuring the appointment of a guardian, and for moneys expended for costs.

APPEAL from the St. Louis Circuit Court.
*Reversed and remanded.*

*John F. Darby, pro se,* cited: 2 Kent's Com. 226, 453; 1 Story on Con. 78; 1 Pars. on Con. 383, 385; 1 Coll. on Lunacy, 375, 385, 403; Chitty on Con. 79, 187; State *v.* Hundley, 46 Mo. 414; State *v.* Baird, 47 Mo. 301; Dutcher *v.* Hill, 29 Mo. 271; Eaton *v.* Perry, 29 Mo. 271.

*J. G. Lodge,* for respondents, cited: Whittlesey's Pr., sec. 61, p. 208; Wag. Stat., ch. 74, p. 711.

BAKEWELL, J., delivered the opinion of the court.

Defendants demurred to the petition of plaintiff herein, and, for ground of demurrer, alleged that it does not set forth facts sufficient to constitute a cause of action. The demurrer was sustained in the court below, and, plaintiff declining to plead further, final judgment was rendered for defendants on the demurrer. Plaintiff, having duly saved his exceptions, and his motion for a new trial being over-ruled, brings the case here by appeal.

A demurrer, under the 6th subdivision of Article 5 of the Practice Act, stating the grounds of it in the language of the subdivision, is sufficient, and the ground of the objec-tion need not be more specifically pointed out. To sustain a demurrer under this subdivision, the statement of facts must be such that, admitting them all to be true, the court is authorized to say that they furnish no cause of action, at least against the defendant demurring.

The petition states that defendant Francis Cabanné is over fifty years old; that he has an estate worth $200,000, bringing in a large revenue from rents; that Cabanné had become an habitual drunkard, whereby his mind had become weakened and impaired, so that he was incapable of man-aging his affairs; that he had taken up his residence at a low drinking-house, and, from mental incapacity, become the dupe of knaves who were cheating him out of his property to the amount of $10,000 annually; that his habits and person had become filthy and intolerably offensive, by

reason of which he had lost his health and was " confined to his wretched bed, bloated, ghastly, and almost unconscious ;" that he was fast sinking into the grave from bad whisky, and must have died in two weeks ; that, whilst Francis Cabanné was in this condition, his brother called upon plaintiff, as an attorney and an old and intimate personal and professional friend of defendant Francis and his said brother, " to employ and retain plaintiff as attorney for and in behalf of said defendant Francis Cabanné, as the primest and one of the first necessaries of his life and being, to take such steps and legal proceedings as were required by the emergencies of the case, and were right and proper to be furnished defendant under the circumstances, so that he might have his person decently taken care of, his health restored, and have him provided with the common necessaries of life, for the protection of his estate and the preservation of his existence ;" that said brother was then acting as the agent of defendant Francis, and making a contract as his agent, and in defendant's name, with plaintiff ; and then stated that said Cabanné's estate was ample, and that plaintiff, for his professional services, should be handsomely paid by said Francis Cabanné ; that plaintiff, having been thus employed and retained for and on behalf of said Francis Cabanné, commenced proceedings under the statute to have defendant Cabanné declared incapable of managing his affairs ; that he was diligently employed for one month in that behalf for defendant, procuring witnesses, preparing the necessary complaint, having it preferred by a proper functionary, and preparing and prosecuting proceedings in the St. Louis Probate Court, and obtaining the appointment of defendant Unit Raisin as guardian of defendant Cabanné, as a person incapable of managing his own affairs ; and that, on motion of said plaintiff, for and on behalf of defendant Unit Raisin, said Raisin was appointed guardian and duly qualified. In consequence of which services—which are alleged in the

petition to have been necessaries for defendant Cabanné—said Cabanné was properly taken care of, removed to an asylum, his health restored, and his comforts attended to. Plaintiff further says that, in and about the necessary costs of said proceedings in the Probate Court, he paid out and expended $50 for jury fees, witness fees, and fees for service of notices, which it was necessary to advance to the officer. Plaintiff says his services were reasonably worth $1,000, and asks judgment for that amount.

The petition nowhere alleges that Francis Cabanné is, or was at the time of the alleged contract, or at any time, an idiot, or lunatic, or person of unsound mind, but merely that he was so addicted to habitual drunkenness as to be incapable of managing his own affairs. Our law provides for appointing a guardian for such persons, though they be not of unsound mind, or idiots, or lunatics. Wag. Stat. 178, sec. 52. Defendant appears from the petition to have been of a very weak mind from drunkenness. It may be that defendant Cabanné had not the degree of intellect sufficient to enable him to contract. But that is nowhere said in the petition, and, for anything appearing on the face of the pleading, he may have had, in his sober moments, sufficient intellect to make a bargain. It is alleged that a bargain was made with plaintiff, by defendant's agent, to employ plaintiff to render professional services which are declared to have been necessary. These services may have been, and are clearly alleged in the petition to have been, absolutely necessary. It may be that great skill and diligence were required to protect defendant against himself; and we cannot say that, in his sober moments, he could not authorize his brother to make a valid contract with an attorney to take steps, under the statute, to have a guardian appointed to take him out of the clutches of the harpies who are alleged to have been taking advantage of his weakness and wasting his estate, nor from how slight circumstances such authority to the brother might be implied.

Even the contract of an insane man cannot be avoided if made in good faith on the part of the other side, and for the procurement of necessaries, which would include, not merely absolute necessaries, as in the case of an infant, but such things as are useful for him and proper for his means and station.

The petition is loosely and rhetorically drawn, but we cannot say that it does not sufficiently set out a contract with plaintiff by defendant Cabanné, through his agent, which the courts would uphold, and that, admitting all the facts stated to be true, plaintiff has no cause of action against either defendant.

We, therefore, think that the judgment of the Circuit Court, sustaining the demurrer filed to plaintiff's petition, should be set aside. The judgment of the Circuit Court is reversed and the cause remanded. Judge LEWIS concurs; Judge GANTT, having been of counsel, did not sit.