STATE OF MISSOURI, Respondent, v. SAM BROWN, Appellant, No. 41191—227 S. W. (2d) 646.

Division One, January 9, 1950.

Motion for Rehearing or to Transfer to Banc Overruled, March 13, 1950.

*Charles E. Rendlen, Rendlen, White & Rendlen* and *John R. Hughes* for appellant.

108

110

*J. E. Taylor,* Attorney General, and *W. Brady Duncan,* Assistant Attorney General, for respondent.

DALTON, J.—Defendant has appealed from a judgment of conviction of murder in the second degree and a sentence of twelve years imprisonment in the State penitentiary.

The State's evidence tended to show that shortly before November 17, 1941 the defendant hired one Mark Hunolt and paid him $50 to help defendant's minor son Stanley Brown put Mrs. Dora Bachstein into a cistern. About midnight on November 17, 1941 Stanley Brown came to the Hunolt residence for him and the two proceeded to the Bachstein residence in Shelby county ▮▮▮▮ where Mrs. Bachstein, a 73 year old widow, lived alone on a farm. They entered her house and forcibly took her from her bed and carried her to an open cistern, where she was shoved in head first and left to drown. Her dead body was found about 8 a.m., November 18, 1941. Defendant was not present when the murder was committed. Evidence tending to show motive will be reviewed later.

Hunolt was apprehended in 1946 and, subsequently, made a statement implicating defendant and his son Stanley and their arrest followed. On the 25th day of August 1946, Hunolt entered a plea of guilty to having murdered Mrs. Dora Bachstein. Sentence was deferred and he testified for the State in this cause.

Defendant denied the charge against him and offered evidence tending to show that, at the time mentioned by Hunolt, he was not at the place where the alleged agreement was made and the consideration paid and, further, that his son Stanley Brown did not go to the Hunolt residence or the Bachstein farm on the night in question or assist Hunolt in the commission of the crime. Numerous assignments of error are presented on this appeal.

■ Appellant first points out that error is presumed to be harmful and will "not be declared to be harmless unless it is so without question"; and that, if the testimony of an accomplice in a criminal case is inconsistent, improbable and without corroboration and if the record shows misconduct in the proceedings prejudicial to the defendant and error committed against him, or if "the evidence is not sufficiently substantial to support the judgment of conviction," it will work a reversal. No discussion of these abstract principles is required. The evidence was amply sufficient to support the verdict. State v. Koch (En Banc), 321 Mo. 352, 10 S. W. (2d) 928, 930; State v. Stogsdill, 324 Mo. 105, 23 S. W. (2d) 22, 27; State v. Pierson, 343 Mo. 841, 123 S. W. (2d) 149, 156.

■ Error is assigned on permitting Hunolt to testify without first determining his mental competency. No hearing was requested on this issue, but defendant objected to the introduction of his testimony on the ground of mental incompetency. It was shown to the court that, six years before, to wit, on February 3, 1942, Hunolt was duly adjudged by the Probate Court of Shelby county to be a habitual drunkard and incapable of managing his affairs. He was ordered delivered into the custody of the Superintendent of the State Hospital No. 1 at Fulton, Missouri, to be kept and confined for treatment until cured, discharged according to law, or until the further order of the court. Sec. 509 R. S. 1939. No further order was shown. The evidence does not show how long Hunolt remained in the hospital, but he subsequently returned to his farm home in Shelby county where he remained until 1944. He was, thereafter, employed in the Kaiser Shipyards in Portland, Oregon, and later in Idaho, Montana and St. Louis. As stated, after his arrest in 1946, he entered a plea of guilty to the charge of murder. The record of the examination and cross-examination of this witness shows an alert mind. The court did not err in permitting him to testify, because prima facie he was a competent witness. He had not been adjudged to be insane, or a person of unsound mind, nor had he been confined in any institution as such. Sec. 1895 R. S. 1939 and cases based thereon are not controlling. The facts shown were insufficient to establish mental incompetency as a witness. Darby v. Cabanne, 1 Mo. App. 126, 129; 70 C. J. 96, Sec. 124; Annotation 26 A. L. R. 1502; 58 Am. Jur. 91, Witnesses, Secs. 116 and 117; Bennett v. U. S. 158 F. (2d) 412, 415.

■ Error is assigned (1) on the overruling of defendant's motion to require the prosecuting attorney to produce (for inspection, copying or photographing) two written statements duly sworn to by witness Hunolt, one obtained by the prosecuting attorney and one by the sheriff's office in cooperation with the State Highway Patrol; and (2) on the alleged suppression by the prosecuting attorney of facts capable of establishing the innocence of the accused. The motion alleged that the inspection, copying or photographing was "necessary to defendant to prepare his case for trial"; and that defendant ■ could not safely proceed to trial without such inspection. Defendant charged that a comparison of these statements would show Hunolt had "made different statements of essential and material matters." The motion stated conclusions and not facts and showed upon its face that it was a "fishing expedition" seeking to discover something of benefit to defendant. No facts were stated to show any materiality of the statements to defendant's defense, since they were hearsay and inadmissible except by way of impeachment, if the witness should testify differently. What were considered "essential and material matters" was not stated. The application for the inspection and the charge of suppression of evidence are both based wholly upon supposition, conjecture and surmise unsupported by any facts, as appellant in effect concedes by his argument that "if there is nothing to conceal, why conceal it? If there is nothing to suppress why suppress it?" Such is the essence of appellant's position. The court did not err in overruling the motion. State ex rel. Page v. Terte (En Banc), 324 Mo. 925, 25 S. W..(2d) 459; State ex rel. Mo. Pac. R. Co. v. Hall, 325 Mo. 102, 27 S. W. (2d) 1027, 1028(3); State v. Fitzgerald, 130 Mo. 407, 424, 32 S. W. 1113, 1117; State v. Hancock, 340 Mo. 918, 104 S. W. (2d) 241, 246; State v. McDonald, 342 Mo. 998, 119 S. W. (2d) 286, 288; State v. Richetti, 342 Mo. 1015, 119 S. W. (2d)· 330, 344. No suppression of evidence which would have tended to establish the innocence of the accused is shown by this record.

■ Error is assigned on the alleged erroneous restriction or denial of cross-examination of witness Hunolt. It is contended that the cross-examination was limited or denied in some twenty-five instances and that part of Hunolt's testimony at the preliminary hearing, offered on the theory of impeachment and contradiction, was erroneously excluded. Defendant's motion for a new trial complained that the cross-examination of Hunolt was limited (1) as to the time, extent, continuity and duration of drunkenness and irresponsibility; (2) as to whether witness was rejected for army service because of mental incapacity, deficiency or irresponsibility; (3) as to knowledge of Stanley Brown being an honor student in the Clarence high school and subsequently · attending a Teacher's

College; (4) as to knowledge of the size, weight, height, age, strength and vigor of defendant, showing defendant more able to do for himself with greater security than by sending Hunolt; and (5) as to whether Hunolt had been asked and answered at the preliminary hearing, as follows: "Q. When you picked her up how did you know it was Mrs. Dora Bachstein? A. I didn't know." The other assignments need not be considered. Sec. 4125 R. S. 1939.

The evidence alleged to have been offered and excluded under point 1, was "that witness would testify he was a confirmed drunkard and because of such was incapable of managing his affairs." Hunolt denied that he was a habitual drunkard prior to 1941, but admitted the adjudication in that year. He was fully cross-examined as to that matter and as to his continuous use of intoxicating liquors. Rejection for army service on the ground mentioned was offered as proof of incapacity and irresponsibility and not for impeachment. Knowing of Stanley Brown's being an honor student and attending college was offered apparently on the theory that such knowledge by Hunolt tended to impeach Hunolt's testimony. His knowledge of defendant was apparently on the same theory. Stanley Brown subsequently testified concerning his educational attainments and defendant was before the jury as a witness. The statement of Hunolt at the preliminary hearing was not in impeachment, since it was consistent with his testimony at the trial. He did not personally know Mrs. Bachstein. A careful examination of the record as to all assignments under this heading fails to disclose any error. No abuse of the court's discretion in limiting cross-examination is shown. State v. Stegner, 276 Mo. 427, 207 S. W. 826, 830; State v. May, 172 Mo. 630, 646, 72 S. W. 918.

Error is assigned on the court's refusal of Instruction "B" which would have told the jury that they could infer that the testimony of any uncalled or unquestioned *available* witness, possessing knowledge of *material facts or circumstances* concerning a party's cause, "would not sustain the contention of such party in this cause." It is further said that, if the instruction is erroneous, the court erred in failing to give a correct one. Reference is made to specification 36 of the motion for a new trial wherein defendants stated that Hunolt's brother-in-law and sister were available witnesses and would or should have known whether Hunolt stayed at their house on the night Hunolt said he helped put Mrs. Bachstein in the cistern. No other witnesses are specifically named. The assignment of error in the motion is the refusal of the instruction and that issue alone is presented. Sec. 4125, supra. Reference is also made to specification 20 of the motion, but we find no reference therein to Instruction B.

In the trial of this cause Hunolt testified that he stayed at Barton's Cabins on the night in question. This direct testimony was superior to any testimony that he did not stay at his brother-in-law's. The State was not required to produce every available witness on either essential or non-essential matters. State v. Parr, 296 Mo. 406, 246 S. W. 903, 907. The instruction would have submitted no facts, but would have given the jury a roving commission to guess and surmise as to what facts were material to a party's cause. It would have submitted an issue of law as to when a witness was available and to whom, and would have tended to confuse and mislead the jury. See, State v. Collins, 350 Mo. 291, 165 S. W. (2d) 647. The court did not err in refusing the instruction. Roehl v. Ralph (Mo. App.), 84 S. W. (2d) 405, 413(10); Miller v. Fleming (Mo. App.), 259 S. W. 139, 141; Annotation 135 A. L. R. 1376.

■ Error is assigned on the alleged "misconduct of prosecutors in cross-examining witnesses for defendant concerning the Nelson Barton Tourist Cabins." Reference is made to specification 20 of the motion for new trial concerning the examination of witness George Tom Cutsinger to whom Barton's Cabins had been sold. The assignment concerns various questions put to Cutsinger to which objection was made by counsel and sustained by the court, but requests that counsel be rebuked and reprimanded and that the jury be discharged were denied. The record fails to show any abuse of the court's discretion in refusing to rebuke or reprimand counsel or discharge the jury.

■ Error is assigned (1) on the introduction in evidence of certain records and files in the office of the Circuit Clerk of Shelby county concerning the grand jury empaneled on October 6, 1941, including subpoenas for witnesses, certificates of attendance, a subpoena duces tecum, the testimony of witnesses identifying the exhibits and proof that Dora Bachstein entered the jury room; (2) on the admission of three time certificates issued by different banks to Dora Bachstein, which certificates were endorsed by her and later endorsed and cashed by defendant and the testimony of witness identifying exhibits and signatures and showing payment; and (3) on the arguments and statements of counsel with reference to these several matters. The assignment involves the testimony of nine witnesses and numerous exhibits.

The questioned evidence was directed to proof of motive, that is, to showing (a) that defendant had reason to want deceased out of the way; (b) that defendant believed and had reason to believe the grand jury had under investigation his conduct and that of his son Stanley in certain business and financial transactions with Dora Bachstein; and (c) that defendant had exhibited an active interest in what the grand jury was doing. Other evidence tending to show

motive was not objected to. Defendant was present when the grand jury was empaneled, he made a request of a grand juror about being fair to his son and he said he knew what was going on before the grand jury. He also visited Mrs. Bachstein the day after her appearance before the grand jury and the day before her death. ·

It is contended that all of the evidence concerning the grand jury "violated the secrecy of the Grand Jury"; that the prosecutors "designedly sought to do obliquely what they could not do directly"; and that the evidence objected to put the "defendant on trial * * * upon matter for which he was not indicted." It is admitted that "there was no direct evidence of what the Grand Jury considered or heard or what the witnesses said"; and that the state did not attempt to prove defendant guilty of some other crime in connection with the business transactions shown by the evidence. · It is only said that the evidence was "a basis for conjecture and speculation." We think the evidence competent, relevant and. admissible on the issue of motive. Sec. 3924 R. S. 1939 was not violated, nor was any other rule of law or statutory provision. A wide latitude is generally allowed in the development of evidence of motive. State v. Koch, supra; State v. Hyde, 234 ·Mo. 200, 237, 136 S. W. 316; State v. Wheaton (Mo. Sup.), 221 S. W. 26, 29; 22 C. J. S. 933, Criminal Law, Sec. 614; 26 Am. Jur. 373, Homicide, Sec. 323. The court did not err in admitting the questioned evidence, nor in permitting counsel for the state to argue the same to the jury. State v. Gruber (Mo. Sup.), 285 S. W. 426; State v. Santino (Mo. Sup.), 186 S. W. 976, 977; State v. Spinks, 344 Mo. 105, 125 S. W. (2d) 60, 64; State v. Garrison, 342 Mo. 453, 116 S. W. (2d) 23, 24; State v. Hepperman, 349 Mo. 681, 162 S. W. (2d) 878, 884; State v. Knight, 356 Mo. 1233, 206 S. W. (2d) 330, 333.

Error is assigned on the exclusion of defendant's account book. Defendant testified that he kept an account and made entries of his transactions with Hiram Bachstein (who died before his wife, Dora); that he used the book to set down various and sundry transactions; and that, the data on the pages offered were in his handwriting and were made at the time of transactions between himself and Hiram Bachstein. The word "Hiram" appears twice on one of the pages, but there is no reference to Dora or to the Bachsteins. Only one date appears "1935." Subsequently there is a "36", "37", "38" and "39." Under each of these there are a few items, as "hay", "corn", "oats", "wood", or "hog", with some amount for each. Defendant used the note book to refresh his recollection as to each item for each year and as to the total amount charged to Hiram. The Bachsteins paid the accounts in cash about the first of the year each year, but such does not appear from the exhibit. We infer from the remarks of the court that the exhibit

was excluded on the theory that it was not fair on its face, showed no prices or amounts for the items listed and was too indefinite. It gave no specific dates, and didn't purport to be an account with Dora or to show any of her three time certificates. Defendant testified that he received and cashed the three time certificates for a total of $628.75, deducted $275.00 owed to him by the Bachsteins "for two year's rent" (not shown in the account), and paid the balance over to Bachsteins in cash. Any two of the certificates would have exceeded $275.00. The court did not err in excluding the exhibits. See, Lyons v. Corder, 253 Mo. 539, 549, 162 S. W. 606; Nall v. Brennan, 324 Mo. 565, 23 S. W. (2d) 1053, 1057.

■ Error is assigned on the court's refusal to permit appellant's counsel, in argument, to tell the jury (1) of Abe Lincoln's defense of Duff Armstrong and the use of the almanac to establish there was no moon when the state's witness said he recognized accused by the light of the moon; and (2) of the Degnan murder in Chicago where two different people came forward saying they did it and it was established that a third person committed the murder. Appellant insists that counsel had the right to comment on historic matters. 23 C. J. S. 555, Sec. 1096; 53 Am. Jur. 388, Trial, Sec. 481. Counsel was not undertaking to comment, but to detail specific stories to the jury for the purpose of basing an argument thereon. The trial court did not abuse its discretion in refusing to permit counsel to do so. How far appellant's attorney should be permitted to go outside of the record to detail facts and circumstances of other specific crimes or trials for the purpose of illustration ■ and argument was within the sound discretion of the trial court. State v. Florian, 355 Mo. 1169, 200 S. W. (2d) 64, 68; Whittom v. Adams Express Co. (Mo. App.), 182 S. W. 137. No abuse of discretion appears.

■ Error is assigned on the limitation and exclusion of certain testimony and exhibits. Some fourteen main points are presented with numerous sub-headings. No authorities are cited in support of any of these assignments or sub-assignments. No argument is made to support them, but there are references to the motion for a new trial and to the bill of exceptions. We have carefully examined each assignment and sub-assignment. Evidence of the acquittal of Stanley Brown in a prior trial was properly excluded. State v. Recke, 311 Mo. 581, 278 S. W. 995, 1000. Numerous statements attributed to Dora Bachstein in her lifetime were hearsay and inadmissible under any of the exceptions to the hearsay rule. State v. Benson, 346 Mo. 497, 142 S. W. (2d) 52, 54. Space does not permit a further review of the numerous assignments under this main heading, but we find no error in the court's rulings on the matters complained of.

Error is assigned on an alleged "deliberate, wrongful and prejudicial statement by the State's attorney, after the improper and incompetent testimony of witness, Toby Bowen, was stricken out." Complaint is made of the court's failure to admonish or rebuke the prosecutor on his efforts to introduce "unconnected and incompetent" evidence and on the court's failure to discharge the jury. The testimony was stricken out as "not sufficiently connected up" and the jury was directed to disregard it. The statement complained of was directed to the court in an effort to obtain a change of ruling. See, Todd v. K. C. Rys. Co. (Mo. App.), 237 S. W. 868, 872; Adams v. Carlo (Mo. App.), 101 S. W. (2d) 753, 760. No reason was assigned for the request "that counsel be admonished and the jury discharged." State v. Napoli (Mo. Sup.), 44 S. W. (2d) 55, 57; State v. McKeever, 339 Mo. 1066, 101 S. W. (2d) 22, 32. Failure to admonish counsel or discharge the jury on account of the statement of counsel is not assigned as error in the motion for new trial, but rather the alleged wrongful making of the statement and the alleged wrongful act of getting the stricken evidence before the jury. There is nothing in the record to show other than (1) a good faith introduction of evidence that was subsequently stricken as not sufficiently connected up; and (2) a good faith effort to have the court change its ruling thereon. The assignment is overruled.

Error is assigned upon the alleged "misconduct of State's attorney with witnesses and during taking of testimony." The misconduct mentioned is "their insinuating manner tending to belittle witnesses, and defendant, making side remarks." The particular side remarks or the other matters mentioned are not specifically pointed out in the brief or in motion for new trial. No references are made to any section of the motion or to any page of the 1171 page record. The assignment presents nothing for review.

Error is assigned on "the conduct of attorneys for prosecution (1) in their wrongful, improper and prejudicial arguments, and (2) their frequent distracting and unjustified interruptions of and the heckling of defendant's attorneys, and the failure of the court to prevent same and protect the defendant." Reference is made to some thirty instances. In a great majority of instances pointed out under the head of alleged "wrongful, improper and prejudicial arguments" no objection of any kind was made at the time. In some instances objection was made and sustained and no further relief was asked. In other cases no abuse of the court's discretion in the control of argument appears. The alleged "distracting and unjustified interruptions" of defendant's counsel, as emphasized in the brief, were made necessary by counsel's attempt to go out of the record and argue the fact of Stanley Brown's acquittal by a

jury, his efforts to tell the story of Abe Lincoln's use of the almanac in the defense of Duff Armstrong, his efforts to tell the jury of the Degnan murder and of the persons who tried to plead guilty therefor, and by his efforts to draw inferences and conclusions before the jury as to alleged conflicts between Hunolt's testimony at the trial and his prior statements, which were not in evidence. These conclusions and inferences were attempted to be drawn from variations between the facts stated in the opening statement of counsel for the state and the testimony of Hunolt. A careful review of the whole record, and of all assignments under this and other headings concerning the arguments of the State's counsel, fails to show any error or any abuse of the court's discretion in ruling these matters.

 Error is assigned on certain comments made by the court in the progress of the trial. Reference is made to certain alleged comments by the court as to matters being in, or not in evidence, and on other matters, but none of the matters mentioned are preserved in the motion for a new trial and they may not now be considered. Sec. 4125, supra. Nor was any objection made or exception saved to the comments at the time.

 Appellant contends "the verdict is the result of passion, bias and prejudice on the part of the jury." It is argued that "no motive whatever is disclosed" and that the statements, arguments, objections and interruptions by counsel for the state and the evidence concerning the grand jury and the time certificates of Dora Bachstein were highly prejudicial. These specific matters have been considered, supra. The principal assignment is too general and presents nothing for review. State v. Jackson, 340 Mo. 748, 102 S. W. (2d) 612, 618.

 Error is assigned on the failure to instruct the jury that a unanimous verdict was required. Sec. 4070 R. S. 1939 provides that "whether requested or not, the court must instruct the jury in writing upon all questions of law arising in the case which are necessary for their information in giving their verdict." 53 Am. Jur. 595, Trial, Sec. 804 states that "the defendant is entitled to an instruction as to the unanimity of a verdict of guilty," but no authorities are cited. No such instruction was given, but, when the verdict of guilty was returned, the court polled the jury and ascertained that the verdict was unanimous. The assignment is overruled. State v. Garth, 164 Mo. 553, 565, 65 S. W. 275; State v. Rudman, 327 Mo. 260, 268, 37 S. W. (2d) 409, 412.

 Error is assigned on the refusal of Instructions C, E, F, I, K, L, N, O, and J and on the giving of Instructions 3, 7 and 9. No authorities are cited or arguments made, but reference is made to specific provisions of the motion for a new trial. We have carefully reviewed each assignment, but find no errors in the giving or refusal of instructions. Some of the assignments are too general to present

anything for review. State v. Miller, 357 Mo. 353, 208 S. W. (2d) 194, 201.

Error is assigned on the overruling of defendant's challenge to venireman Lyman Ator for cause. It is insisted that defendant was deprived of one of his challenges and had to use a peremptory challenge to strike Ator's name. Ator qualified as a competent juror, but for personal reasons said he "would rather not serve on this case." He was further questioned at length by the court and counsel and the challenge for cause overruled. The trial court has wide discretion in determining the qualification of jurors. Sec. 4061 R. S. 1939; State v. Poor, 286 Mo. 644, 228 S. W. 810, 814. No abuse of that discretion is shown. State v. Baker (Mo. Sup.), 285 S. W. 416, 417; State v. Lewis, 323 Mo. 1070, 20 S. W. (2d) 529, 535; State v. Salts, 331 Mo. 665, 56 S. W. (2d) 21, 23.

In conclusion it is insisted that defendant did not have a fair and impartial trial. All alleged errors are reviewed and reference is made to many matters that are not shown by the record. All assignments of error based upon the record have been reviewed and no ground of reversal appears.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.