ACCEPTED
01-15-00219-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/9/2015 5:11:52 PM
CHRISTOPHER PRINI
CLERK

No. 01-15-00219-CV

IN THE
COURT OF APPEALS
FOR THE 1ST DISTRICT OF TEXAS
AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/9/2015 5:11:52 PM
CHRISTOPHER A. PRINE
Clerk

IN RE BAC TRAC PLUMBING, LP AND JOSE GRAJALES,

*Relators.*

## RELATORS' MOTION FOR EMERGENCY STAY OF TRIAL SETTING

ORIGINAL PROCEEDING FROM THE 215th DISTRICT COURT
OF HARRIS COUNTY, TEXAS,
THE HONORABLE ELAINE H. PALMER, PRESIDING

MUNSCH HARDT KOPF & HARR, P.C.
Stephen Gibson
State Bar No. 07866000
Tracy McCreight
State Bar No. 24037064

**EMERGENCY RELIEF
REQUESTED**

KANE RUSSELL COLEMAN & LOGAN, PC
Chris C. Pappas
State Bar No. 15454300
Darrell R. Greer
State Bar No. 08413500

ATTORNEYS FOR RELATORS

PAGE 1 OF 11

MHDOCS 6000402_2 15565.1

## RELATORS' MOTION FOR EMERGENCY STAY

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

## I.  INTRODUCTION

The underlying proceeding is a personal injury suit arising out of the collision of a vehicle driven by Donna Dudley ("Plaintiff") with a truck owned by Bac Trac Plumbing, LP driven by Jose Grajales (the "Collision").  The underlying suit is *Donna Dudley v. Bac Trac Plumbing, LP and Jose Grajales*, Cause No. 2013-12224 in the 215th District Court  of Harris County, Texas  filed February 28, 2013 (the "Underlying Suit").  The primary disputed issue in the Underlying Suit is whether there exists a causal connection between the Collision and certain damages claimed by Plaintiff.  Bac Trac Plumbing, LP and Jose Grajales ("Defendants" or "Relators" collectively) are the Defendants in the Underlying Suit.

On February 27, 2015, Respondent, the Hon. Elaine H. Palmer, presiding judge of the 215th District Court of Harris County, Texas (the "Trial Court"), excluded testimony from Defendants' only retained expert witnesses, Thomas D. Greider, M.D. and Walter R. Sassard, M.D. (Exh. A hereto, the "Exclusion Order").  The Exclusion Order provides that "all testimony and/or evidence provided by Thomas D. Greider, M.D. and Walter R. Sassard, M.D. should be excluded from trial."  The Underlying Suit is set for trial on a two-week trial docket that begins on March 9, 2015.  (Exh. B hereto, Order Resetting Trial).

MHDOCS 6000402_2 15565.1

When the parties appeared for a March 2, 2015, docket call Plaintiff announced ready. Defendants moved for the continuance allowed under Texas Rule of Civil Procedure 193.6(c). (Exh. C hereto, Defendants' Motion for Continuance). Enforcing its previous Docket Control Order, the Trial Court denied the motion for continuance. (Exh. D hereto, Transcript on Motion for Continuance).

By its Petition for Writ of Mandamus ("Writ Petition') filed herewith, Defendants seek to vacate the Trial Court's Exclusion Order as an abuse of discretion because good cause for any failure of Defendants to timely make, amend, or supplement its expert designations exists. Moreover, Plaintiff is neither unfairly surprised nor prejudiced by any alleged deficiency in Defendants' discovery response. Defendants further seek to vacate the Trial Court's March 2, 2015 denial of Defendants' Motion for Continuance because trial will be a meaningless exercise. As explained more fully in the Writ Petition, the Exclusion Order for Defendants' medical expert effectively eviscerates Defendants' ability to present their defense that the Collision was not the cause of all or part of the damages claimed by the Plaintiff.

Emergency relief to stay trial set for as early as March 10, 2015 is necessary because, unless a stay of the trial setting is granted, Defendants will be forced to proceed at trial without an expert to testify disputing Plaintiff's damages. Defendants must not be forced to suffer such irreparable injury as a result of the

Trial Court's failure to comply with relevant guiding legal principles. Emergency relief staying the proceedings in the Underlying Suit is also necessary to preserve this Court's jurisdiction to issue extraordinary writs. Unless the proceedings are stayed, the relief requested in the Writ Petition will become moot. *In re New Century Mtg. Corp. of California*, No. 08-03-00521-CV, 2004 WL 100506, *1 (Tex. App. –El Paso 2004, orig. proceeding).

## II.    IDENTITY OF PARTIES

Petitioner is Bac Trac Plumbing, LP and Jose Grajales ("Defendants" or "Relators" collectively).

The real party in interest is Donna Dudley ("Plaintiff"), Plaintiff in the Underlying Suit.

The Respondent is Judge Elaine H. Palmer, presiding judge of the 215th District Court of Harris County, Texas (the "Trial Court").

## III.    STATEMENT OF FACTS

On February 27, 2015, the Trial Court clearly abused its discretion by granting Plaintiff's Motion to Exclude Thomas D. Greider, M.D. and Walter R. Sassard, M.D. On March 2, 2015, the Trial Court again abused its discretion in denying Defendants' Motion for Continuance allowed by Texas Rule of Civil Procedure 193.6(c).

MHDOCS 6000402_2 15565.1

Without emergency relief, Defendant will be forced to trial as early as Tuesday, March 10, 2015 with virtually no defense to Plaintiff's claims for damages. The Trial Court's abuses of discretion in granting the Motion to Exclude, as further described in Relators' Writ Petition, resulted in an Order being issued that, absent emergency relief by this Court, will substantially prejudice Defendants and cause Defendants to suffer an irreparable injury. The Writ Petition is incorporated herein by reference the same as if set forth at length.

This Motion is presented to stay the trial of the Underlying Suit. This trial is currently set on the two-week docket beginning March 9, 2015, and may be called for trial at any time, and as early as March 10, 2015. A stay of those proceedings is necessary to prevent the relief requested in the Writ Petition from becoming moot and is thereby necessary to preserve the jurisdiction of this Court over the Writ Petition that Defendants file concurrently with this Motion.

## IV. CERTIFICATE OF COMPLIANCE ATTACHED

Relators attach a certificate of compliance certifying that on March 9, 2015, in accordance with Texas Rule of Appellate Procedure 52.10(a), it notified the real party in interest and the respondents by electronic mail, facsimile, and/or telephone call that a motion for temporary relief had been filed.

MHDOCS 6000402_2 15565.1

## V. AUTHORITY TO ISSUE AND NECESSITY OF EMERGENCY STAY TO PRESERVE STATUS QUO

This Court may grant temporary relief pending its determination of Defendants' Petition. Tex. R. App. P. 52.10(b). Mandamus is the most appropriate remedy because the deprivation is one that cannot be corrected on appeal and will affect Defendants' ability to defend this case at trial. *See In re Allied Chemical*, 227 S.W.2d 652, 658 (Tex. 2007); *see also Able Supply Co. v. Moye*, 898 S.W.2d 776, 772 (Tex. 1995). This emergency stay is necessary to preserve this Court's jurisdiction to consider the merits and to maintain the status quo until the Petition can be heard and decided. *See In re Reed*, 901 S.W.2d 604, 609 (Tex. App.—San Antonio 1995, orig. proceeding).

As more thoroughly demonstrated in the Writ Petition, Defendants are likely to prevail as to the relief requested therein. Nevertheless, if Defendants are forced to trial before this Court renders its decision on Defendants' Petition, Defendants will suffer irreparable harm.

The Trial Court's Exclusion Order and denial of the 193.6 (c) continuance is effectively a "death penalty" sanction. Defendants' central defense is that the Collision did not cause all or many of the injuries or conditions for which Plaintiff seeks damages. By excluding the testimony of a medical expert necessary to support this defense, the Trial Court has effectively made the trial an empty exercise and waste of judicial resources. Without such an expert, Defendants'

MHDOCS 6000402_2 15565.1

ability to present a viable defense is so compromised that it must be subject to immediate correction by writ of mandamus, not correction after a *pro forma* trial.

## VI. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons as well as those more fully stated in the Writ Petition, good cause exists for this Court to grant this emergency request for temporary relief. *See* Tex. R. App. P. 52.10. Defendants are likely to prevail on the merits of the Writ Petition filed simultaneously herewith. Without a stay of the Underlying Suit pending resolution of the Writ Petition, Defendants will be forced to trial without an expert witness to dispute Plaintiff's claim for damages and the jurisdiction of this Court over the Writ Petition may be lost due to the relief requested in the Writ Petition becoming moot.

For these reasons, Defendants request this Court enter an order staying the trial setting of the Underlying Suit to maintain the status quo of the parties and preserve this Court's jurisdiction pending consideration of the merits of the Writ Petition.

MHDOCS 6000402_2 15565.1

Dated: March 9, 2015                      Respectfully submitted,

By: /s/ Stephen Gibson
    Stephen Gibson
    State Bar No. 07866000
    Tracy McCreight
    State Bar No. 24037064
    MUNSCH HARDT KOPF & HARR, P.C.
    500 N. Akard Street, Suite 3800
    Dallas, TX 75201-6659
    United States
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584
    sgibson@munsch.com
    tmccreight@munsch.com

    -and-

    Chris C. Pappas
    State Bar No. 15454300
    Darrell R. Greer
    State Bar No. 08413500
    KANE RUSSELL COLEMAN & LOGAN, PC
    919 Milam, Suite 2200
    Houston, TX 77002
    Telephone: (713) 425-7400
    Facsimile: (713) 425-7700
    cpappas@krcl.com
    dgreer@krcl.com

    ATTORNEYS FOR BAC TRAC
    PLUMBING, LP and JOSE
    GRAJALES

MHDOCS 6000402_2 15565.1

## CERTIFICATE OF CONFERENCE

I certify that I concurrently conferred with Nomaan Husain/Leigh S. Montgomery by email correspondence and have attempted in good faith to reach an agreement about the foregoing Motion. We have been unable to reach an agreement because opposing counsel opposes the relief Relators seek herein.

/s/ Darrell Greer
Darrell Greer

MHDOCS 6000402_2 15565.1

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2015, I served a true and correct copy of the foregoing document on all parties listed below as follows:

*Via E-file, Email, and First Class Mail*

Nomaan Husain
Leigh S. Montgomery
YOUNG & HUSAIN, PLLC
2700 Post Oak Blvd., Suite 1220
Houston, Texas 77056
nhusain@yhlawfirm.com
lmontgomery@yhlawfirm.com
Telephone: (713) 621-8900
Facsimile: (713) 621-8909

*Attorneys for Donna Dudley*

*Via EMail and First Class Mail*

Honorable Elaine H. Palmer
Presiding Judge, 215th District
Court, Harris County, Texas
Harris County Civil Courthouse
201 Caroline, 13th Floor
Houston, Texas 77002
Tricia_Griggs@justex.net

/s/ Tracy McCreight
Tracy McCreight

MHDOCS 6000402_2 15565.1

# CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 52.10(a), I hereby certify that on March 9, 2015, I notified the parties listed below by email, facsimile, telephone call, and/or electronic filing service that a motion for temporary relief had been filed:

Nomaan Husain
Leigh S. Montgomery
YOUNG & HUSAIN, PLLC
2700 Post Oak Blvd., Suite 1220
Houston, Texas 77056
nhusain@yhlawfirm.com
lmontgomery@yhlawfirm.com
Telephone: (713) 621-8900
Facsimile: (713) 621-8909

Honorable Elaine H. Palmer
Presiding Judge, 215th District
Court, Harris County, Texas
Harris County Civil Courthouse
201 Caroline, 13th Floor
Houston, Texas 77002
Tricia_Griggs@justex.net

*Attorneys for Donna Dudley*

/s/ Tracy McCreight
Tracy McCreight

MHDOCS 6000402_2 15565.1

# EXHIBIT A

2/6/2015 5:18:26 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 4062832
By: SPENCER, JEANETTA
Filed: 2/6/2015 5:18:26 PM

CAUSE NO. 2013-12224

| | | |
|---|---|---|
| DONNA DUDLEY | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BAC TRAC PLUMBING, LP AND | § | |
| JOSE GRAJALES | § | 215th JUDICIAL DISTRICT |

**ORDER**

ON THIS DATE, the Court heard Plaintiff's *Motion to Exclude Thomas D. Greider, M.D. and Walter R. Sassard, M.D.*. After consideration of the same, the Court is of the opinion that Plaintiff's motion should be granted.

It is therefore, ORDERED, ADJUDGED AND DECREED that Plaintiff's *Motion to Exclude Thomas D. Greider, M.D. and Walter R. Sassard, M.D* is **GRANTED**, and all testimony and/or evidence provided by Thomas D. Greider, M.D. and Walter R. Sassard, M.D. should be excluded from trial in the above captioned and numbered cause.

SIGNED this 27th day of Febrary , 2015.

JUDGE PRESIDING

1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

APPROVED AS TO FORM AND SUBSTANCE:

**YOUNG & HUSAIN, P.L.L.C.**

By: */s/ Leigh S. Montgomery*
**NOMAAN HUSAIN**
State Bar No. 24000743
**LEIGH S. MONTGOMERY**
State Bar No. 24052214
2700 Post Oak Blvd. Suite 1220
Houston, Texas 77056
(713) 621-8900 telephone
(713) 621-8909 facsimile
**COUNSEL FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

That on this the 6TH day of February, 2015, I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded pursuant to the Texas Rules of Civil Procedure as follows:

***Via E-Filing and E-Service***
Mr. Chris C. Pappas
Mr. Darrell Greer
Kane, Russell, Coleman & Logan, P.C.
919 Milam, Suite 2200
Houston, Texas 77002

By: */s/ Leigh S. Montgomery*
**LEIGH S. MONTGOMERY**

Unofficial Copy Office of Chris Daniel District Clerk

2

# EXHIBIT B

Case No. 201312224

*P-2*

ORTX

DUDLEY, DONNA

vs.

BAC TRAC PLUMBING LP

             \*
             \*
             \*
             \*
             \*

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

215th   JUDICIAL DISTRICT

## ORDER RESETTING TRIAL

This case is reset for TRIAL for the two week period beginning  03-09-2015.

If the case has not been reached by the second Friday after this date, the trial will be

reset.   The parties are ordered to appear for a  DOCKET CALL

on   03-02-2015    at   09:00 AM.

All previous pre-trial deadlines remain in effect, unless changed by the court.

If you have any questions concerning this order, please contact the Court

coordinator, TRICIA ELLIS-GRIGGS at (713) 368-6340.

Signed  **JUN 1 1 2014**

**FILED**
Chris Daniel
District Clerk

JUN 1 1 2014
Time:_____
Harris County, Texas
By_____
Deputy

ELAINE H PALMER

Judge, 215TH DISTRICT COURT

Generated on: 06/11/2014

15454300

CHRIS C. PAPPAS
919 MILAM STREET SUITE 2200
HOUSTON, TX 77002

JCVF13
rev 033094

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Case No. 201312224

DUDLEY, DONNA

vs.

BAC TRAC PLUMBING LP

\* IN THE DISTRICT COURT OF

\* HARRIS COUNTY, TEXAS

\* 215th JUDICIAL DISTRICT

## ORDER RESETTING TRIAL

This case is reset for TRIAL for the two week period beginning 03-09-2015.

If the case has not been reached by the second Friday after this date, the trial will be

reset. The parties are ordered to appear for a DOCKET CALL

on 03-02-2015 at 09:00 AM.

All previous pre-trial deadlines remain in effect, unless changed by the court.

If you have any questions concerning this order, please contact the Court

coordinator, TRICIA ELLIS-GRIGGS at (713) 368-6340.

Signed **JUN 1 1 2014**

ELAINE H PALMER

Judge, 215TH DISTRICT COURT

Generated on: 06/11/2014

24000743

NOMAAN HUSAIN
2700 POST OAK BLVD, SUITE 1220
HOUSTON, TX 77056

JCVF13
rev 033094

# EXHIBIT C

CAUSE NO. 2013-12224

| | | |
|---|---|---|
| DONNA DUDLEY | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BAC TRAC PLUMBING, LP AND | § | |
| JOSE GRAJALES | § | 215TH JUDICIAL DISTRICT |

## DEFENDANTS' MOTION FOR CONTINUANCE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendants, Bac Trac Plumbing, LP and Jose Grajales, in this case and files this Motion for Continuance and would respectfully show unto the Court the following:

1. This lawsuit is for personal injuries sustained by the Plaintiff from an automobile accident. It is the Defendant's contention that all her claimed medical treatment and related costs were not solely caused by this accident. Defendants' disagree with Plaintiff concerning the extent of injuries.

2. The case is currently set on the Court's trial docket for the two-week period beginning on March 9, 2015.

3. In a recent hearing, the Court granted a Motion to Strike testimony of medical witnesses that are critical to the case for the Defendants. Plaintiff claims that this witness testimony is a surprise to them, and it may prejudice their case. Texas Rules of Civil Procedure indicate that when this situation occurs, the Court's proper remedy is to "...grant a continuance or temporarily postpone the trial to allow ... opposing parties to conduct discovery regarding any new information presented..." **TRCP 193.6(c).**

4. Defendants' are asking this Court use its discretion to follow this Rule of Procedure.

3409568 (64280.00088.000)

5. Proceeding with trial at this time, without the benefit of the medical expert witness is extremely prejudicial to the Defendants. Such a trial would create an extreme hardship to the Defendants, and would likely result in a verdict that is unjust and unfair to the Defendants because the jury would not receive all the evidence necessary for them to make a proper award.

6. Plaintiff has already filed Motions in Limine based upon the Court's action to strike the medical expert's testimony to ask that no argument or proof be made concerning plaintiff's past history of medical injuries, or the causation of her complaints, or the reasonableness of her treatment or the costs associated therewith. Such handicaps to the Defendants' case are extremely prejudicial, would result in a manifest unjustness, and prevent Defendants from their guaranteed right to fair jury trial in this matter.

7. This Motion is not filed for the purposes of delay only, but is filed only so that Justice may be done.

8. Based on the forgoing, the Defendants respectfully request the case be continued from its current trial setting until a time in the future that allows plaintiff to depose the Defendant's medical expert, if they so choose, thus preventing any surprise or prejudice to the Plaintiff in this matter.

WHEREFORE, PREMISES CONSIDERED, Defendants Bac Trac Plumbing, Lp, and Jose Grajales respectfully request the Court continue the current trial setting of the case.

Respectfully submitted,

KANE RUSSELL COLEMAN & LOGAN, PC

2

By: _____
Chris C. Pappas
State Bar No. 15454300
Darrell R. Greer
State Bar No. 08413500
919 Milam, Suite 2200
Houston, Texas 77002
Ph:     (713) 425-7400
Fax:    (713) 425-7700
Email: dgreer@krcl.com
**COUNSEL FOR DEFENDANTS BAC TRAC
PLUMBING, LP AND JOSE GRAJALES**

## VERIFICATION

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

BEFORE ME, the undersigned Notary Public, on this day personally appeared Darrell R. Greer, who, being by me duly sworn on his oath, deposed and said that he has read the above and foregoing Defendants' Motion for Continuance and that the statements contained therein are true and correct.

_____
Darrell R. Greer

SUBSCRIBED AND SWORN TO BEFORE ME on this the 2nd day of ___March___, 2015, to certify which witness my hand and seal of office.

_____
Notary Public in and for
the State of T E X A S

SHARON ANN TARVIN
Notary Public
STATE OF TEXAS
My Comm. Exp. Sept. 01, 2018

3

## CERTIFICATE OF CONFERENCE

After drafting this motion the movant and respondent have conferred with each other and in good faith have attempted to resolve the matter; and

a. _____ Respondent has agreed and is unopposed to Movant's request under this motion.

b. __X____ This matter has been communicated with respondent's office and respondent does not agree to the Motion.

_____
Darrell R. Greer

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been e-mailed, and faxed to counsel on this the Second day of March, 2015:

Nomaan Husain
Young & Husain, PLLC
2700 Post Oak Blvd., Suite 1220
Houston, Texas 77056

_____
Chris C. Páppas/Darrell R. Greer

4

# EXHIBIT D

REPORTER'S RECORD

COURT CAUSE NO. 2013-12224

| DONNA DUDLEY, | ) | IN THE DISTRICT COURT |
| PLAINTIFF, | ) | |
| | ) | |
| | ) | |
| VS. | ) | HARRIS COUNTY, TEXAS |
| | ) | |
| BAC TRAC PLUMBING, LP, | ) | |
| DEFENDANTS. | ) | 215TH JUDICIAL DISTRICT |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

MOTION FOR CONTINUANCE

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

On the 2nd day of March, 2015, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Elaine Palmer, Judge Presiding, held in Houston, Harris County, Texas.

Proceedings reported by computer-aided transcription/stenograph machine.

APPEARANCES


Mr. Nomaan Husain
SBOT NO. 24000743
YOUNG & HUSAIN, PLLC
2700 Post Oak Blvd, Suite 1220
Houston, Texas 77056
Telephone: (713) 621-8900
ATTORNEY FOR THE PLAINTIFF

    - AND -

Mr. Darrell Greer
SBOT NO. 08413500
Mr. Christopher Pappas
SBOT NO. 15454300
KANE RUSSELL COLEMAN & LOGAN PC
919 Milam Street, Suite 2200
Houston, Texas 77002
Telephone: (713) 425-7400
ATTORNEYS FOR THE DEFENDANTS

P R O C E E D I N G

THE COURT: We're on the record in Cause No. 2013-12224, *Donna Dudley vs. Bac Trac Plumbing, LP*. Will the attorneys identify themselves for the record and the parties they represent?

MR. HUSAIN: Nomaan Husain for Plaintiff Donna Dudley. We're announcing ready for trial.

MR. GREER: My name is Darrell Geer. I'm here for the Defendants. We have a motion for continuance.

MR. PAPPAS: Chris Pappas, here for the Defendants.

THE COURT: Okay.

MR. GREER: Your Honor, we would like to present the motion for continuance. I have a copy for the Court. You may remember, we were here last Friday in regards to the motion to strike our expert witnesses in this case.

And as a result of your ruling there, we feel that we must file this motion and that we must make a record; and our motion for continuance is basically a result of that hearing.

Your Honor, we'd like to remind you that -- about a few things. This case is all about personal injury for the Plaintiff from an automobile

accident; and the Defendants contend that all of the medical treatment and related costs were not caused solely from this accident.

We disagree with the claims about the extent of the injuries. Of course, we're set on a docket that begins March the 9th.

Recently, the Court granted the motion to strike; and we believe that if -- the Plaintiff claims surprise and we believe that if they really were surprise, then the proper remedy would be to continue it until at the time of trial.

We believe that it would be extremely prejudicial for the case to go forward without the benefit of a medical expert witness because that's what this case is all about. This would be an extreme hardship to the Defendants, and it would result in an unjust and unfair verdict.

In fact, the Plaintiff filed, yesterday, this motion in limine based upon the Court's action to strike our expert's testimony and so that no argument will be proof, proof could be made concerning the Plaintiff's past history of multiple medical injuries or causation of her complaints or the reasonableness of her treatment or the costs associated with that.

Such handicaps for the Defendants' case

is extremely prejudicial and it would be extreme and unjust. So, we request the case be continued.

I would like to remind the Court, if you do not mind, that in regards to the testimony of our expert, the Defendants timely had designated Dr. Greider as our expert witness in respect to our IME and for him to testify; and we tendered him for deposition at the time, of course, that we designated him.

The Plaintiffs did not request his deposition at any time. Dr. Greider became unavailable; and so last fall, we named Dr. Sassard, who is his cohort, his colleague, in the same medical group, to perform the IME and to testify also; and we tendered Dr. Sassard for his deposition.

Again, the Plaintiffs have never requested the deposition of either of these gentlemen; and we believe and we filed a case with the Court that supports substitution of a medical expert witness for good cause.

And to show there was good cause, we have, of course, filed affidavits from both Dr. Greider and Dr. Sassard to show the reason for this substitution. I think the case law calls him a second-runner expert.

The Court denied our motion for an IME. We then produced a report from Dr. Sassard, based on his

review of the medical. The Plaintiffs, of course, moved to strike it under prejudice and surprise. Under these circumstances and, of course, under the Court's ruling, we respectfully request that the Court continue the trial and allow the Plaintiffs time to do further discovery, if they choose to do so.

They can take the deposition of our experts, if they wanted to do so, which they have not asked yet; because either at this setting or any future setting, we have to put on that evidence. That's only fair, and it's only right. Failure would be manifestly unjust to the Defendants.

So as a matter of fairness and equity for both sides, we ask for this continuance; and we ask that you allow them to discover, if they choose to do so, the further opinions beyond the report of our expert and we respectfully request you continue the case and allow our expert to testify.

THE COURT: Okay, Mr. Husain.

MR. HUSAIN: Your Honor, I'm not going to rehash the motion to strike the expert's testimony that we had on Friday, but I would like to address what Mr. Greer just said.

First of all, he's ignored the fact that the Court did -- struck the experts because he failed to

comply with the agreed docket control order, which we both agreed to and submitted to the Court. He talks about he timely submitted Dr. Greider; but he forgets the fact that in his own designation, he said that Dr. Greider's opinions will be provided. I think that was on Page 3 on the second paragraph. No opinions by Dr. Greider were ever provided.

In addition, we object to this motion because first, it is not sufficiently in advance of trial. We're here now at the docket call for this case, and he's filed this motion at 8:13 a.m. today. So we would say that the Court shouldn't even consider because it is not sufficiently in advance of trial.

His motion is based on the fact that a continuance should be granted so that Plaintiffs can depose his expert. On Friday, the Court struck the Defense expert. So as of now, the Defense has no expert. So there's nobody for us to depose.

What he would have to do is file a motion to either re-consider the motion to strike, get his expert reinstated, and then file the motion for continuance. He's assuming that he has an expert. He has no expert.

And the last basis that he's discussed with the Court is, "only fair and right." It is fair and

right for Ms. Dudley to have been injured for all of these years, to have this case on file for two years and here on the eve of trial, Mr. Greer is trying to say that because of his failure to timely designate and provide opinions and for his failure to file the IME until January of 2015, the Plaintiff should be delayed her day in court?

We think the only fair and right thing to do is for the Court to enforce the DCO, as it did on Friday, deny the motion for continuance, and call this matter to trial, which Plaintiffs are ready to proceed to trial.

Thank you, Your Honor.

MR. PAPPAS: Your Honor, could I add one point?

THE COURT: Yes.

MR. PAPPAS: The main thing that we're here today is to let the Court know, just so the record is clear and Your Honor -- because one thing, I've been doing this for over three decades. I do not believe in sandbagging any court -- there is case law on point that we think we've cited to Your Honor.

We believe that the motion and the effort on the part of opposing counsel, with all due respect, is leading the Court down a path that is clear error. We think it's error that may require us -- and I'm

simply sharing with you 'cause I'm just a straightforward guy -- that we have to take this issue up.

Because what we'd hate to do, for everybody, is to re-try -- is to try this case more than once because of the circumstances.

But we feel confident in saying that the rules and the case law that we've provided and presented to Your Honor, supports the proposition that a continuance is proper.

He had more than ample time since November to take a deposition; and, actually, he chose not to do that. And we want to make it clear to the Court, we're not citing this because there's no basis.

I will tell you, I practiced law in Harris County for over three decades. I never had a similar situation in which the Judge on whatever side of the case that I was on, that the Court didn't grant a continuance to allow the deposition to be taken and then to have the case reset, within usually 60 days. Now, that's the norm. I'll simply state that, based on my experience.

THE COURT: Okay.

MR. GREER: And Your Honor, if I may say one last thing? Mr. Husain is correct. We did not supply a supplemental report from Dr. Greider because we withdrew

Dr. Greider. We supplied the supplemental report from Dr. Sassard, who was the second person who we had substituted in.

MR. HUSAIN: Dr. Sassard's report was provided to us last week, Your Honor. We would ask the Court to enforce the DCO, and if they want to take this up on appeal, they can take it up on appeal; but we believe the Court was correct in its ruling.

They cannot pick and chose their arguments. They are trying to just argue that the substitution was proper. That's the only case that was provided. They glossed over the fact that they never provided us an opinion.

THE COURT: Okay.

MR. GREER: And again, the rules provide continuance is an appropriate remedy.

MR. HUSAIN: That's just rewarding them for their failure to comply with the docket control order and shifting the burden on to us. They did not timely give us the opinions, and that's why the Court struck their expert.

THE COURT: Counsels, you-all agreed to -- I do not give you dates. You-all agreed to your scheduling order back on May 21st of 2013; and the deadlines, you-all set the deadlines. Discovery was to end May 16th, 2014.

You-all were set for docket call on June the 9th, 2014, but we didn't reach you-all. We did another resetting, but we didn't extend the discovery or any of the deadlines. All the deadlines remain in effect. I do not see a Rule 11. Was there a Rule 11 extending anything?

MR. HUSAIN: No, Your Honor.

MR. GREER: No, Your Honor. The trial date was moved because of an agreed motion for continuance, at least that's what is in my file. I did not think it was because the Court did not reach us.

This was an agreed docket control. We did have a docket control order, and we did have a second control order from the Court pertaining to the trial date.

THE COURT: Now, we did send you out, on June 11th, 2014, a new trial date setting it for today.

MR. GREER: That's correct.

THE COURT: It says, "All previous pretrial deadlines remain in effect unless changed by the Court," and the Court did not change anything. We sent you out a reminder notice in January. So as of right now, I'm not going to the grant your motion for continuance.

If we get to you, regular panel or large panel?

MR. HUSAIN: Regular panel is fine, Your

Honor.

MR. GREER: For the record, Your Honor, you're denying the motion for continuance?

THE COURT: Yes. The length of the trial would be?

MR. HUSAIN: So on Friday, Mr. Greer made an additional admission for the Court that they are not disputing liability. Assuming that's correct, we're not going to have to subpoena people on liability. I just want to make sure that's still their position because that's going to affect the length of the trial.

MR. GREER: Well, Your Honor, this trial, it sounds like -- actually, this is a case of liability. I said that before, and I'm saying that now. This is a case of liability.

And apparently, if you're not going to allow us to put on any evidence about damages and not putting on anything about liability, it probably will be a very short trial. I am not stipulating liability. I do not have authority to do that for my client.

In fact, my client specifically told me that I could not do that. I will tell the Court that my driver has admitted he ran the red light and that's certainly no surprise. He admitted that in his deposition, and that's certainly no surprise to them.

So how long is the trial going to be, if that's the question? You know, if I put on no evidence and put on no witnesses, it would be pretty short. I would suspect no more than two or three days, under those circumstances.

In fact, it will probably take us longer to pick the jury than anything else. I hope not to be in those circumstances.

MR. HUSAIN: I'm just trying to clarify. On Friday, Mr. Greer stood up here and represented to the Court that this is not a case about liability, that they did it. They admit it, and he's not going to fight us on liability. That, to me, is a judicial admission.

He did it before the Court in open court. Is Mr. Greer going to fight us on liability? If so, we need to subpoena the police officer and prepare the case for liability and damages versus just damages.

I would just ask the Court to get a clarification from the Plaintiff's counsel.

MR. PAPPAS: Can I speak to that? I think clarification is, in terms of liability, do we know what the accident facts are? Yes. Do we intend to present how the accident happened? Our client will not agree to stipulate. So the answer is, you need to prepare your case on liability, however you might prepare it, Counsel.

MR. HUSAIN: So Mr. Greer is withdrawing the representation he made in open court on Friday?

MR. GREER: Your Honor, I'm not withdrawing anything. I told you just a moment ago what our position is. I have not made any judicial admissions. I'm telling you how we're going to try our case and what the evidence is; and however you want to clarify that -- I guess I'm just trying to be honest.

THE COURT: Okay. Start subpoenaing whomever you need to subpoena.

MR. HUSAIN: Thank you, Your Honor.

THE COURT: All right. And with that, unless you-all have something else?

MR. GREER: I'm a little unclear about where we were on the docket.

THE COURT: Well, I have one ahead of you that says they are going to take five days and then I have another one that is two to three days. So actually, I will give you guys a call this week, Thursday, to let you know where you fall in on the docket.

(Hearing concluded at 10:03 a.m.)

THE STATE OF TEXAS )

COUNTY OF HARRIS )

     I, Cantrece A. Addison, Certified Shorthand Reporter in and for the State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this Volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

     I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

     I further certify that the total cost for the preparation of this Reporter's Record is $_____ and will be paid by _____.

     WITNESS MY OFFICIAL HAND this the 3rd day of March, 2015.

          /s/ Cantrece A. Addison, CSR

          _____
          CANTRECE A. ADDISON, TEXAS CSR #8236
          Expiration Date: 12/31/2016
          201 Caroline, 13th Floor
          Houston, Texas 77002